Pratt, J.
The plaintiff, a judgment creditor, brings this action to set aside a general assignment for the benefit of creditors, on the ground that it is in fraud of the rights of creditors.
The judgments are in form against Nathan Gifford and George Innis, as partners composing said firm, and were based upon obligations issued in the name of the firm.
As a matter of fact there was no firm, and all the property assigned was the individual property of George Innis. It is further found as a fact that the debts were all contracted for the business carried on in the name of the firm. It thus appears that all the creditors stood upon a basis of equality.
It is true that the assignment purports to classify the creditors, and speaks of individual debts and debts of the firm of Gifford, Herman & Innis; but as between themselves the creditors were equal in equity as all the debts were contracted by and for George Innis individually, but in the name of the firm.
It may well be that Innis is estopped from denying the co-partnership, but each of his creditors has the right to show the facts and assert his rights to the partnership property.
Of the claim in favor of Ella A. Burger for $700, it may be said, while in form it is an individual debt, as appears from the receipt put in evidence, the *868 court below has found, upon sufficient evidence, that it stood upon the same ground as all the other claims; therefore, there was no fraud perpetrated in placing this claim among the preferred debts in the assignment.
The case of Kelley v. Scott (49 N. Y., 595) has no application to this case, because the court below has found that all the debts were contracted in the course of partnership business and were equal in this respect.
Judgment affirmed, with costs.
Dykman, J., concurs; Barnard, P, J., not sitting.